IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANE CHAFFER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiff*<br><br>-vs-<br><br>FRONT LINE EMS LLC,<br>*Defendant* | § § § § § § § § § § § | SA-23-CV-00562-XR |

## ORDER APPROVING SETTLEMENT

On this date, the Court considered the Unopposed Motion for Approval of FLSA Settlement (ECF No. 57). After careful consideration, the Court hereby **GRANTS** the parties' motion.

## BACKGROUND

Plaintiff Shane Chaffer filed this action against Defendant Frontline EMS LLC ("Frontline") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for failure to pay overtime compensation. ECF No. 1 ¶¶ 1–2.[1] Plaintiff alleges that Defendant failed to fully compensate him and a group of allegedly similarly situated current and former paramedic employees who were paid on an alleged day rate basis without being paid the proper overtime rate for their "on-call" hours in excess of forty hours per workweek. The parties agreed to issue notice to the conditionally certified collective action members (ECF No. 21), and sixty-four people in addition to Plaintiff joined the lawsuit. After engaging in limited discovery and settlement discussions, the parties have settled and now ask the Court to approve the confidential settlement agreement. ECF No. 57.

---

[1] This action was filed in the United States District Court for the District of Idaho on April 25, 2022, but was transferred to the San Antonio Division of the Western District of Texas on May 3, 2023. *See* ECF No. 52.

ANALYSIS

A.     FLSA Provisions

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result of the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945).

The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under

such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

**B.     Bona Fide Dispute**

The pleadings indicate that there is a dispute as to whether Chaffer and the Opt-In Plaintiffs were entitled to overtime pay for their on-call hours and the proper method for calculating the paramedics' overtime rate under the FLSA. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek at a rate not less than one and one-half times their regular rate. 29 U.S.C. § 207(a)(1). Whether payment for on-call hours should be included in an employee's regular rate depends on whether the payment was made as compensation for employment. *See* 29 U.S.C. § 207(e)(2). Whether on-call time is compensable working time in turn depends upon the working agreements between the parties governing on-call work and the degree to which the employee is permitted or free to engage in personal activities during periods of idleness when he is subject to call. *See* 29 C.F.R. § 785.17; *DePriest v. River W. LP*, 187 F. App'x 403, 404–05 (5th Cir. 2006).

Plaintiff has been employed by Frontline as a Paramedic in connection with its tactical and standby emergency services business since March 1, 2020. ECF No. 1 ¶¶ 5, 24. His primary job duties involve rendering aid to those needing emergency medical care. *Id.* ¶ 24. Plaintiff worked approximately 24 to 60 on-call hours per week. *Id.* ¶ 26. When on call, Plaintiff alleges that he was required to respond and arrive on scene within 15 minutes, stay in nearby housing with limited vehicles available, and ask permission to leave the grounds. *Id.* ¶ 28. Given these restrictions, Plaintiff asserts that the on-call hours should be considered hours worked—and thus

compensable—under the FLSA. *Id.* (citing *Owens v. Local No. 169*, 971 F.2d 347, 354 (9th Cir. 1992)). Nonetheless, Plaintiff alleges that he was paid a day rate of approximately $600 per day, and received the same day rate compensation for time he was required to be on-call. *Id.* ¶ 29. Plaintiff typically worked 84 hours per week, and alleges that Defendant did not pay him time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek. *Id.*

The parties' settlement compromises a bona fide dispute as to whether Plaintiff and the Opt-In Plaintiffs should have received overtime pay for "standby" hours under the FLSA.[2] Defendant also contested whether any "standby" hours were compensable such that they should have been included in any calculation of alleged damages. The Court thus concludes that there are bona fide disputes in this case over FLSA coverage and determining the amount of overtime compensation.

C.   **Fair and Reasonable Resolution**

The Court has reviewed the terms of the confidential settlement agreement, including the award of attorneys' fees, and concludes that the settlement is fair and reasonable.

## CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Motion (ECF No. 57) is **GRANTED**, the settlement is **APPROVED**, and the claims of Plaintiff Shane Chaffer and the Opt-In Plaintiffs are hereby **DISMISSED WITH PREJUDICE**. This case is **CLOSED**, with each party bearing its own costs.

---

[2]The settlement does not include any back pay attributable to paying individuals on an alleged "day rate" basis, as that is now settled law under *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S.Ct. 677, 692 (2023). Given the uncertainty of the status of law as it proceeded to the Supreme Court, Defendant articulated a strong argument that it had a good faith basis for paying wages in an allegedly violative manner.

It is so **ORDERED**.

**SIGNED** this 12th day of May, 2023.

                                                          _____
                                                          XAVIER RODRIGUEZ
                                                          UNITED STATES DISTRICT JUDGE